IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

REBECCA JO BOLEMAN                                                  PLAINTIFF

v.                         CIVIL NO. 14-3130

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                        DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Rebecca Jo Boleman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on December 7, 2011, alleging an inability to work due to cirrhosis, depression, anxiety, ulcers, scoliosis, and arthritis. (Tr. 167, 211). An administrative hearing was held on January 1, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 30-57). A supplemental hearing was held on July 24, 2013. (Tr. 58-65).

By written decision dated September 25, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: alcoholic

1

cirrhosis, diabetes mellitus, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant may be required to climb, balance, crawl, kneel, stoop, and crouch on an occasional basis; the claimant can understand, remember, and carry out simple, routine, repetitive tasks, and respond to usual work situations and routine work changes, where the supervision provided is simple, direct, and concrete, and where there is only occasional interaction with supervisors, co-workers, and the public.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a surveillance systems monitor, a charge account clerk, and an addressing clerk. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 25, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

2

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the

national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in finding that Plaintiff did not meet Listing 5.05A; and 2) the ALJ erred in determining that Plaintiff could perform other work at Step Five.[1]

**A.   Listings:**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. See 20 C.F.R. § 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included alcoholic cirrhosis, diabetes mellitus, and depression. (Tr. 14). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. See 20 C.F.R. pt. 404, subpt. P, app. 1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. See Sullivan v. Zebley, 493 U.S. 521, 530–31 (1990). Plaintiff has not met this burden.

---

[1] The Court combined Plaintiff's second and third argument on appeal.

Plaintiff argues that she meets a Listing under Section 5.05A concerning "chronic liver disease." (Doc. 9, pgs. 3-5). Defendant argues Plaintiff has failed to establish she meets this listing. (Doc. 10, pgs. 5-8).

Impairments found under Listing 5.00 involve digestive system disorders such as gastrointestinal hemorrhage, hepatic (liver) dysfunction, inflammatory bowel disease, short bowel syndrome, and malnutrition. See 20 C.F.R. pt. 404, subpt. P, app.1, 5.00A. To meet Listing 5.05A, Plaintiff must show chronic liver disease accompanied by objective evidence of hemorrhaging from esophageal, gastric, or ectopic varices or from portal hypertensive gastropathy requiring hospitalization and a blood transfusion. See 20 C.F.R. pt. 404, subpt. P, app.1, 5.05A.

A review of the medical evidence reveals that on November 21, 2011, Plaintiff was admitted into North Arkansas Regional Medical Center for a gastrointestinal bleed. (Tr. 304-350). Plaintiff underwent an esophagogastroduodenoscopy (EGD) which showed esophageal varices, but they were not the source of Plaintiff's bleeding and were determined to be non-severe. (Tr. 304, 337). In December of 2012, Plaintiff underwent an EGD which revealed two large varices in the distal esophagus without any recent/impending bleeding. (Tr. 450). In June of 2013, Plaintiff underwent an abdominal ultrasound which did not reveal hemorrhaging. (Tr. 501).

After reviewing the record, the Court finds substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that Plaintiff completed a Function Report on December 29, 2011, indicating that she was able to take care of her personal needs, to prepare simple meals, to perform household chores, to watch television, and to talk on the telephone. (Tr. 201-208). In January of 2012, Plaintiff reported to Dr. Terry L. Efird, a consultative examiner, that she was able to perform basic self-care tasks independently; to perform household chores adequately, aside from heavy lifting and excessive bending; to shop independently; to handle personal finances; and to perform most activities of daily living, aside from heavy lifting and excessive bending. (Tr. 352-355). The record further revealed Plaintiff's report to her counselor that she was able to walk to her neighbor's house, which was about one mile round trip, three times per week. The Court finds substantial evidence to support the ALJ's determination that Plaintiff's daily activities were not consistent with an inability to perform substantial gainful activity.

With regard to the testimony of Plaintiff's friends, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In finding Plaintiff able to perform sedentary work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records of her treating and examining physicians, and the evaluations of the examining and non-examining medical examiners. Plaintiff's

capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### D. Hypothetical Question to the Vocational Expert:

Plaintiff argues that the jobs suggested by the vocational expert - surveillance systems monitor, a charge account clerk, and an addressing clerk – require a reasoning level of 2 and 3, which she claims exceeds her RFC for:

> occupations with unskilled sedentary limitations and involving only simple, routine, repetitive tasks, and respond to usual work situations and routine work changes, where the supervision provided is simple, direct, and concrete and where there is only occasional interaction with supervisors, co-workers and the public.

(Doc. 9, pgs. 5-6).

According to the Dictionary of Occupational Titles (DOT) the job as addressing clerk requires a reasoning level of 2; and the jobs of surveillance systems monitor and charge account clerk require a reasoning level of 3. See DICOT §§§ 209.587-010, 205.367-014, 379.367-010 at www.westlaw.com. The DOT defines a reasoning level of two as follows: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT (4th ed.), App. C, Components of the Definition Trailer, 1991 688702 (Jan. 1, 2008). The DOT defines a reasoning level of three as follows: "Apply commonsense understanding to

carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Id.

It is well established that reasoning level of two and three are not inconsistent with unskilled work. See Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir.2007) (a reasoning level of three was not inconsistent with unskilled work). See also Robinson v. Astrue, 2010 WL 481045, at *17–18 (E.D. Mo. Feb. 4, 2010) (reasoning levels of two and three are consistent with unskilled work and ALJ's RFC limitations of following simple instructions and non-detailed tasks). Moreover, the "DOT itself cautions that its descriptions may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities." Wheeler v. Apfel, 224 F.3d 891, 897 (8th Cir. 2000). "In other words, not all of the jobs in every category have requirements identical to or as rigorous as those listed in the DOT." Id.

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole.[2] Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a surveillance systems monitor, a charge account clerk, and an addressing clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

---

[2] Tr. 282-288.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 23rd day of December, 2015.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE